John J. Burke, ISB #4619
ELAM & BURKE, P.A.
251 East Front Street Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844
jjb@elamburke.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLAUDIA HEPBURN,<br><br>    Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION<br>300 Boston Scientific Way<br>Marlborough, MA  01752,<br><br>    Defendant. | Case No.  3:17-cv-530<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Boston Scientific Corporation ("Boston Scientific"), by and through its counsel of record, Elam & Burke, P.A., hereby removes the action entitled *Claudia Hepburn v. Boston Scientific Corporation*, Case No. CV17-02186, from the District Court of the Second Judicial District of the State of Idaho, County of Nez Perce to the United States District Court for the District of Idaho.  As grounds for removal, Boston Scientific states:

NOTICE OF REMOVAL - 1

1. On November 17, 2017, Plaintiff filed her complaint in the Second Judicial District Court in and for the County of Nez Perce. Plaintiff seeks damages as a result of alleged conduct by Boston Scientific.

2. As explained more fully below, this Court has original jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship between Plaintiff and Boston Scientific exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

3. Plaintiff alleges she "is a resident of the State of Idaho and 3428 15th Street Space 26, Lewiston, Idaho 19464 [sic]." *See* Compl. ¶ 1. Therefore, Plaintiff is, and at the time this action was filed was, a citizen of the State of Idaho for purposes of determining diversity jurisdiction.

4. Defendant Boston Scientific is a Delaware corporation with its principal place of business at 300 Boston Scientific Way, Marlborough, Massachusetts 01752. For the purposes of determining diversity, Boston Scientific is deemed to be a citizen of both the state of its incorporation and of the state where it has a principal place of business. 28 U.S.C. § 1332(c)(1). Thus, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Boston Scientific is a citizen of both Massachusetts and Delaware.

5. Complete diversity of citizenship exists between Plaintiff and Defendant under 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

6. This is a product liability action arising out of Plaintiff's implantation with a Greenfield IVC Filter. Compl. ¶¶ 35-36.


Case 3:17-cv-00530-SAB   Document 1   Filed 12/28/17   Page 3 of 6

7. Plaintiff alleges she suffered "severe injuries, including but not limited to economic damages, severe permanent injuries, emotional distress, psychological trauma of living with a defective product implanted in Plaintiff's body." Compl. ¶ 50.

8. Plaintiff specifically alleges damages in excess of $50,000 (Compl. Request for Relief ¶ A) and based on the alleged injuries, the preponderance of the evidence establishes that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for original jurisdiction in this Court under 28 U.S.C. § 1332(b). *Jennifer Wadman Iversen v. Northwest Specialty Hospital*, No. 09-5180, 11 Id.Verd.Stlmnt.Rpts. 186, 2011 WL 7305969 (Idaho Dist. Ct. 2011) ($760,000 verdict for bodily injury sustained as a result of an Epinephrine injection); *Paula Puckett v. Joseph Verska*, No. CV02-00348, 06 Id.Verd.Stlmnt.Rpts. 18, 2005 WL 4017825 (Idaho Dist. Ct. Aug. 2005) ($142,720 verdict for bodily injuries, lost wages, and medical expenses in connection with a surgical device); *Lois Rivers v. Sulzer Medical, et al.*, No. CV PI 01-142, 02 Idaho Verd.Stlmnts. 4-5, 2002 WL 32831531 (Idaho Dist. Ct. Apr. 2002) ($206,000 settlement in connection with a defective, implanted medical device where the plaintiff "suffered unspecified problems").

9. Plaintiff also seeks punitive damages (Compl. Request for Relief ¶ C), which are also included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.2001) ("Punitive damages may be considered in determining the amount in controversy if they are recoverable as a matter of state law."). Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for original jurisdiction in this Court under 28 U.S.C. § 1332(b).

10. In connection with her fraudulent misrepresentation claim, Plaintiff has also alleged that Defendant Boston Scientific has "engaged in commercial conduct by selling Greenfield Filters." *See* Compl. ¶ 160. In connection with that claim, Plaintiff seeks her "costs of suit and attorneys' fees, as allowed by law . . . ." *Id*. at ¶ 176. This allegation implicates Idaho Code § 12-120(3), which permits a prevailing party to recover its reasonable attorney fees in connection with a commercial transaction. Attorney fees may be included in the amount in controversy where the underlying statute, either mandatory or permissive, authorizes an award. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.1998). Accordingly, this further demonstrates that the amount in controversy requirement is satisfied here.

## REMOVAL IS OTHERWISE PROPER

11. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto collectively as Exhibit A.

12. Boston Scientific will give written notice of the filing of this Notice of Removal and will file a copy of this notice with the Clerk of the Second Judicial District Court of Nez Perce County, Idaho, as required by 28 U.S.C. § 1446(d).

13. On December 7, 2017, Boston Scientific was served with a copy of the Complaint. Thus, this removal, filed no later than 30 days after service, is timely.

14. The United States District Court for the District of Idaho is the federal judicial district encompassing the Second Judicial District Court of Nez Perce County, Idaho, where Plaintiff originally filed this suit such that this is the proper federal district for removal of this case to federal court. 28 U.S.C. § 1441(a); 28 U.S.C. § 92.

15. If any question arises as to the propriety of the removal of this action, Boston Scientific requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Boston Scientific's right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); (h) lack of standing; or (i) any other procedural or substantive defense available under state or federal law.

17. Boston Scientific reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Boston Scientific removes this case from the Second Judicial District Court of Nez Perce County, Idaho, to the United States District Court for the District of Idaho pursuant to 28 U.S.C. §§ 1441 and 1446, and states that no further proceedings may be had in the state action.

DATED this 28th day of December, 2017.

ELAM & BURKE, P.A.


By:  /s/ John J. Burke
     John J. Burke, Of the firm
     Attorneys for Defendant Boston Scientific Corporation

NOTICE OF REMOVAL - 5

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 28th day of December, 2017, I electronically filed the foregoing NOTICE OF REMOVAL, with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

    Scott D. Swanson                        swanson@shaverswanson.com

In addition, I caused to be served a true copy of this document by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Kevin Wang | ___ U.S. Mail, Postage Prepaid |
| Marc J. Bern & Partners, LLP | ___ Hand Delivered |
| One Grand Central Place | ___ Overnight Mail |
| 60 East 42nd Street, Ste. 950 | ___ Telecopy - (212) 818-0164 |
| New York, NY  10165 | _X_ E-Mail - kwang@bernllp.com |

                        /s/ John J. Burke
                        John J. Burke

NOTICE OF REMOVAL - 6